Kenneth K. Ho, Esq.
136-19 38th Avenue, 4th Floor
Flushing, New York 11354
Phone: (718) 886-1541
Fax: (718) 762-6913
Email: kenkhoattorney@yahoo.com

*Attorney for the Plaintiffs*

UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------X

CRISTOBAL ESCOBAR TORRES, LUCIO
LEON DECIDERIO, and JUAN PABLO
DECIDERIO-RIOS, and on BEHALF OF ALL
OTHER COLLECTIVE PERSONS SIMILARLY
SITUATED

       *Plaintiffs,*

v.

JIN XIANG TRADING INC., and BAO WEI
CHEN, Jointly and Severally,

       *Defendants.*
----------------------------------------X

Civil Action No.

NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF NEW YORK

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK, PURSUANT TO 28 U. S. C. §§ 1331, 1367, 1441(a), 1441(b), and 1441(c).

**PLEASE TAKE NOTICE** that Defendants, JIN XIANG TRADING INC., and BAO WEI CHEN, by and through their attorney, Kenneth hereby remove the case bearing index number **103417/2017** from the Supreme Court of the State of New York, County of Queens, to the United Stated District Court for the Eastern District Of New York pursuant to **28 U. S. C. §§ 1331, 1367, 1441(a), 1441(b), and 1441(c)** and as Grounds for its removal state as follows:

### STATEMENT OF THE CASE

1.  On March 13, 2017, the Plaintiffs, CRISTOBAL ESCOBAR TORRES, LUCIO LEON DECIDERIO, and JUAN PABLO DECIDERIO-RIOS, on their own individual behalves, and on behalf of all other collective persons similarly situated, filed a Complaint in the

Supreme Court of the State of New York, County of Queens, bearing index number 70341/2017, styled, CRISTOBAL ESCOBAR TORRES, LUCIO LEON DECIDERIO, and JUAN PABLO DECIDERIO-RIOS and on BEHALF OF ALL OTHER COLLECTIVE PERSONS SIMILARLY SITUATED, plaintiffs, against JIN XIANG TRADING INC., and BAO WEI CHEN, Jointly and Severally, defendants (the "State Court Action"). A copy of the Complaint is annexed hereto as Exhibit A.

2. The Defendants received notice of the Summons and Complaint on April 11, 2017.

3. The Complaint purports to assert four causes of action, including: a) Violation of the New York Labor Law (*See*, Exhibit A, "Count I", following paragraph 56 of the Complaint); b) Violation of the Fair Labor Standards Act, **29 U. S. C. §§201,** *et seq.* ("FLSA") (*See*, Exhibit A, "Count II", following paragraph 66 of the Complaint); c) failure to post notice "explaining the Fair Labor Standards Act, as prescribed by the United States Department of Labor Wage and Hour Division, codified in CFR 516.4…" (*See*, Exhibit A, at paragraph 80); d) failure to comply with New York Labor Law.

4. Each of the Plaintiff's claims are based on failure of the Defendants, jointly and severally, to pay minimum wages and overtime to the named Plaintiffs, as proscribed by the abovementioned Federal and State laws.

5. The Plaintiffs purport to bring the action on behalf of themselves and a putative class.

6. The relief claimed by the Plaintiffs, on their own behalf and on behalf of the putative class, includes, *inter alia*: a) a declaratory judgment that the practices of the Defendants were unlawful under New York Labor Law; b) a declaratory judgment that the practices of the

Defendants were unlawful under the FLSA; c) awards of minimum wages and overtime as proscribed by the FLSA; d) awards for wage claims under New York State Law; e) award of damages under 29 U.S.C. §216; and, f) awards of punitive damages, attorney fees, interest, and statutory penalties, under State and Federal Law.

**JURISDICTION UNDER 28 U. S. C. §§ 1331, 1367, 1441(a), 1441(b), and 1441(c).**

7. **28 U. S. C. §1331** states that the District Courts shall have original jurisdiction respecting civil actions arising under the laws of the United States. In the case before the Court, the Plaintiffs make claims pursuant to the FLSA. These are distinct claims, and seek awards pursuant to violations of the FLSA. The case involves interpretation of the FLSA, the rules and regulations promulgated under it, and the application of the rules to the facts of the case to determine damages, and award said damages if applicable. These are clearly questions arising under federal law and its application, and are questions this Court has repeatedly stated are questions where this Court has original and sole jurisdiction (*See, e.g.*, Archie v. Grand Cent. P'ship, 997 F. Supp. 504 at p. 522, 1998 U.S. Dist. LEXIS 3284, 4 Wage & Hour Cas. 2d (BNA) 783 (S.D.N.Y. 1998), a claim under New York Law and the FLSA, where Jurisdiction was proper pursuant to 28 U. S. C. §1331.

8. All claims arise out of the same transaction, namely the hours worked as purported employees of the defendants. Thus all State claims may properly be decided by this Court pursuant to **28 U. S. C. §1367**, which grants the Court supplemental jurisdiction over the State claims.

9. Jurisdiction is further conferred on this Court as specific claims governed by Federal Law and Statute were made (*See*, Exhibit A, at paragraphs 68-76, 78, 80, and 86). These specifically pled claims give the Court Jurisdiction under **28 U. S. C. §§ 1441(a), 1441(b), and 1441(c)**.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN COMPLIED WITH.

10. Pursuant to **28 U. S. C. §1446(a)**, a copy of the Summons, Notice Regarding Availability of Electronic Filing Supreme Court Cases, Affidavits of Service, and Complaint have been filed with this Notice (*See*, Exhibits B, C, D, and A, annexed hereto).

11. The Notice of Removal has been filed within 30 days of the purported service of the Summons and Complaint according to the Affidavits of Service filed with the Clerk of the Supreme Court of the State of New York, and annexed hereto as Exhibit D.

12. Venue is proper in this Court pursuant to **28 U. S. C. §§1441(a), and 1446(a)**, because the United States District Court for the Eastern District of New York is the Court in the federal judicial district embracing the venue of The Supreme Court of the State of New York, County of Queens, where the original; State action was filed.

## NO WAIVER OF RIGHTS BY THIS REMOVAL

13. By this Notice of Removal, the defendants do not waive any objections either may have as to jurisdiction, venue, or other defenses or objections they may have to this action. The Defendants, jointly and Severally, intend no admission of fact, law, or liability by this Notice of Removal, and expressly reserve all defenses, motions, and/or pleas.

Dated at Flushing New York, this 9th day of May, 2017.

> Kenneth K. Ho, Esq.
> 136-19 38th Avenue, 4th Floor
> Flushing, New York 11354
> Phone: (718) 886-1541
> Fax: (718) 762-6913
> Email: kenkhoattorney@yahoo.com

## CERTIFICATION

I Kenneth K. Ho, Esq., an attorney admitted to practice before the United States District Court for the Eastern District of New York, certify, that all allegations made in the foregoing Notice of Removal are true and correct to the best of my knowledge.

I make this Certification with the understanding that if any statement herein is willfully false, I am subject to punishment.

I am the attorney for the Defendants herein, make this Certification based on the material in my files, the papers filed by the Plaintiffs in the State action, and interview with my clients.

Dated at Flushing New York, this 9th day of May, 2017.

Kenneth K. Ho, Esq.
136-19 38th Avenue, 4th Floor
Flushing, New York 11354
Phone: (718) 886-1541
Fax: (718) 762-6913
Email: kenkhoattorney@yahoo.com

# CERTIFICATION

I Kenneth K. Ho, Esq., an attorney admitted to practice before the United States District Court for the Eastern District of New York, certify, that all allegations made in the foregoing Notice of Removal are true and correct to the best of my knowledge.

I make this Certification with the understanding that if any statement herein is willfully false, I am subject to punishment.

I am the attorney for the Defendants herein, make this Certification based on the material in my files, the papers filed by the Plaintiffs in the State action, and interview with my clients.

Dated at Flushing New York, this 9th day of May, 2017.

Kenneth K. Ho, Esq.
136-19 38th Avenue, 4th Floor
Flushing, New York 11354
Phone: (718) 886-1541
Fax: (718) 762-6913
Email: kenkhoattorney@yahoo.com